NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| ELVIRA VARGAS, | : | Hon. Dennis M. Cavanaugh |
| Plaintiff, | : | **OPINION** |
| v. | : | Civil Action No. 2:12-cv-03802 (DMC)(MF) |
| FREDERICK J. HANNA & ASSOCIATES, P.C., | : | |
| Defendants. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.

This matter comes before the Court upon Motion of Defendant Frederick J. Hanna & Associates, P.C., ("Hanna" or "Defendant") to Dismiss the claims asserted by Plaintiff Elvira Vargas ("Vargas" or "Plaintiff") in the Complaint pursuant to FED. R. CIV. P. 12(b)(6). (Def.'s Mot., July 3, 2012, ECF No. 3). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that the Defendant's Motion to Dismiss is **granted.**

I.      BACKGROUND[1]

On May 10, 2012, the above entitled action was commenced, by the filing of a Civil Action against Hanna in the Superior Court of New Jersey, Passaic County Law Division, Special Civil Part, Case No. DC-007815-12 (the "State Court Action"). The State Court Action was timely removed to this Court. (See Notice of Removal, June 21, 2012, ECF No. 1).

---

[1] The facts in this Background section have been taken from the parties' submissions.

1

Plaintiff's complaint alleges that Hanna violated the Fair Debt Collection Practices Act (15 U.S.C. § 1692, et seq.) (the "FDCPA") by the sending of a letter to the Plaintiff on Hanna's law firm letter head (the "Letter"). Plaintiff asserts that Defendant was not acting in its legal capacity when it sent the Letter; rather, that the Defendant was acting in the capacity of a debt collector.

## II.   LEGAL STANDARD

In deciding a motion under Rule 12(b)(6), the district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. To survive a motion to dismiss, the complaint must state a plausible claim. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). Thus, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level." Bell Atl. Corp., 550 U.S. at 555.

## III.   DISCUSSION

Plaintiff asserts two claims under the FDCPA. Claim I alleges violation of FDCPA § 1692e(3), which prohibits a debt collector from making "[t]he false representation or implication that any individual is an attorney or that any communication is from an attorney." 15 U.S.C. § 1692e(3). Claim II alleges violation of FDCPA § 1692e(5) which prohibits a debt collector from

making "[a] threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. §1692e(5). The general application of FDCPA § 1692e is that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

"A threshold requirement for application of the FDCPA is that the prohibited practices are used in an attempt to collect a 'debt.'" Zimmerman v. HBO Affiliate Grp., 834 F.2d 1163, 1167 (3d Cir. 1987); Hodges v. Sasil Corp., 189 N.J. 210, 222 (2007). To sustain a claim under the FDCPA the plaintiff must demonstrate that the alleged debt falls within the meaning of FDCPA § 1692a(5), which defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. 15 U.S.C. § 1692a(5).

To plead a claim under the FDCPA, "[a] debtor must aver that the debt is one that arises out of a consumer transaction 'in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.'" Peterson v. Portfolio Recovery Assocs., 430 Fed.Appx. 112, 115 (3d Cir. 2011) (quoting Kimmel v. Cavalry Portfolio Servs., LLC, 2011 WL 2039049, at *2 (E.D. Pa. 2011)).

Here, Plaintiff conclusorily alleges that "[Defendant] attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases allegedly owed to Chase Bank." (See Compl. ¶ 6, June, 29, 2012, ECF No. 1, Exhibit A). Plaintiff further alleges that, "the debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and

falls within the definition of 'debt' for purposes of 15 U.S.C. § 1692a(5)." (See Compl. ¶ 7). Plaintiff offers no facts in support of the allegations that the debt Defendant sought to collect qualified for relief under the FDCPA, and thus, Plaintiff's Complaint lacks the sufficiency required to seek relief under the FDCPA.

### A. FDCPA § 1692e(3) Claim

FDCPA § 1692e(3) prohibits a "false representation or implication that an individual is an attorney or that communication is from an attorney." 15 U.S.C. § 1692e(3). Whether a communication between a debt collector and a consumer runs afoul of the FDCPA is analyzed from the perspective of the "least sophisticated debtor." Brown v. Card Card Serv. Ctr., 464 F.3d 450, 454 (3d Cir. 2006). Moreover, "although established to ease the lot of the naive, the standard does not go so far as to provide solace to the willfully blind or non-observant. Even the least sophisticated debtor is bound to read collection notices in their entirety." Campuzano-Burgos v. Midland Credit Mgmt., 550 F.3d 294, 299 (3d Cir. 2008).

Here, the only evidence provided in Plaintiff's Complaint is of the Letter allegedly sent by the Defendant. (See Compl. ¶¶ 8, 9, 10). Plaintiff failed to allege what in the Letter was false, or what about the Letter was misleading to Plaintiff. Aside from the allegation that the Letter was sent to the Plaintiff from the Defendant on the Defendant's Frederick J. Hanna & Associates, P.C. letterhead, which indicated that Frederick J. Hanna & Associates, P.C. is a law firm, the pleadings in the Complaint are inadequate to establish claim upon which relief can be granted, as Plaintiff has failed "to raise a right to relief above the speculative level." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007). Accordingly, Claim I of the Complaint is dismissed.

### B.  FDCPA § 1692e(5) Claim

FDCPA § 1692e(5) forbids a debt collector from making "[a] threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). Here, Plaintiff's Complaint alleges that the Letter was sent on Defendant's letterhead. A letter from a law firm does not imply that legal action is on its way. See Crenshaw v. Computex Info. Servs., 2010 WL 2951506, at *6 (D.N.J. Apr. 29, 2011). It is well settled among District Courts that the mere sending of a letter by an attorney does not constitute a threat of litigation. See Sturdevant v. Thomas E. Jolas, P.C., 942 F. Supp. 426, 430 (W.D. Wis. 1996), Veillard v. Mednick, 24 F. Supp. 2d 863 (N.D. Ill. 1998), Abels v. JBC Legal Group, P.C., 428 F. Supp. 2d 1023, 1028 (N.D. Cal. 2005). Accordingly, Claim II of the Complaint is dismissed.

### IV.     CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **granted**. An appropriate Order accompanies this Opinion.

_____
Dennis M. Cavanaugh, U.S.D.J.

DATE - FEB. 14, 2013

Orig.:       Clerk
cc:          All Counsel of Record
             Hon. Mark Falk, U.S.M.J.
             File